# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1505 | **DATE** | 3/6/2013 |
| **CASE TITLE** | *Schiller v. Shirsalimian et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Because her complaint fails to state a claim, it is dismissed. Plaintiff may file an amended complaint within 21 days of the date of entry of this order. If Plaintiff fails to do so, the Court will terminate the case.

■ [ For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff moves for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to proceed *in forma pauperis* if she is unable to pay the mandated court fees. A plaintiff need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent her from providing for life's necessities. *Id*. In her affidavit, Plaintiff attests that she has no assets, receives approximately $898.00/month in social security benefits, and has in the past six months received $350.00 in gifts and $2,000.00 in loans from friends and family, and $126.00 for a Link card. Because Plaintiff's financial affidavit indicates that she is entitled to proceed *in forma pauperis*, her motion to do so is granted.

    A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(d)(2). Plaintiff alleges as follows:

> Habib Shirsalimian, Defendant[,] did instigate and use battery and excessive force through illegal use of the Cook County Sheriff's Office and the Cook County Sheriff's Police, run by Tom Dart, on February 26, 2013, to continue identity fraud of my name through theft of my personal affects, and personal identity information; this after he violated by medical and personal privacy to steal sensitive personal information to stalk and harass me and use my name to commit identity fraud on a fictitious/fraudulent condo lease rental. This fraud and theft of my personal effects occurred through this illegal use of my name on the condo lease rental forms in October 2011, and on a fictitious eviction notice dated Feb. 26, 2013. I demand $35,000,000.00 (thirty-five million dollars as reparation to me, plus court costs[)].

(Compl., Dkt. # 1.)

    Plaintiff fails to state a claim against Shirsalimian. It appears that she seeks to allege a claim under 42

| STATEMENT |
|---|

U.S.C. § 1983 for excessive force. Under 42 U.S.C. § 1983, a person who acts under color of state law is liable if he or she subjects (or causes to be subjected) a United States citizen to the deprivation of any privileges, rights, or immunities secured by the Constitution and law. Plaintiff fails to allege any facts in support of a claim that Shirsalimian is a state actor, she was seized or Shirsalimian used excessive force against her. *Carlson v. Bukovic*, 621 F.3d 610, 618-19 (7th Cir. 2010) (§ 1983 Fourth Amendment excessive force inquiry begins with a determination that a seizure occurred and then turns to whether the force used was unreasonable). Nor does Plaintiff identify any basis in federal law for her claims of fraud and identity theft.

Plaintiff also names Tom Dart, Sheriff of Cook County, as a defendant, presumably in his official capacity. "Actions against individual defendants in their official capacities are treated as suits brought against the government entity itself." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008). However, "Congress did not intend [governmental entities] to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Plaintiff alleges no official policy or custom that caused her alleged injury. Therefore, she fails to state a claim against Tom Dart.

For these reasons, the Court dismisses Plaintiff's complaint. Plaintiff may file an amended complaint within 21 days of the date of entry of this order. If Plaintiff fails to do so, the Court will terminate the case.